15 B.R. 616 (1981)
In re R.O.A.M., INC., dba Reno Joe's, Debtor.
R.O.A.M., INC., dba Reno Joe's, Plaintiff,
v.
AETNA CASUALTY & SURETY CO., Defendant.
Bankruptcy No. 80-00844.
United States Bankruptcy Court, D. Nevada.
December 3, 1981.
Chubb & Silverman by Janet L. Chubb, Sparks, Nev., for plaintiff.
Vargas & Bartlett by Stephen S. Kent, Reno, Nev., for defendant.

OPINION AND DECISION
BERT M. GOLDWATER, Bankruptcy Judge.
Debtor in Chapter 11 seeks an order enjoining defendant bonding company from *617 cancellation of bonds upon the grounds that (a) the bonds are property rights, and (b) necessary for reorganization.
On August 24, 1979, defendant Aetna Casualty & Surety Co. (Aetna) bonded debtor to the State of Nevada on one bond of $2,500 in favor of Nevada Industrial Commission (NIC) for the payment of premiums on employees wages for accident and health claims and $7,500 to Nevada Department of Taxation (NDT) for payment of sales tax and other Nevada taxes. The State of Nevada requires surety or cash bonds to engage in retail business for the payment of premiums to the NIC (NRS 616.220, et seq.) for employees and for payment of business taxes to NDT for sales and other taxable events (NRS 360.271, et seq.).
Aetna's bonds provide the company may cancel upon thirty days notice. Aetna gave notice of intent to cancel both bonds. Prepetition debt to NIC and NDT exceed the face limit of the bonds. Premiums have been paid through August 24, 1981; Aetna has refused to accept further premiums. No claim has been made against Aetna by the State of Nevada and Aetna has not paid out any amounts on the bonds.
These bonds do not provide for expiration. They are continuous obligations except if cancelled by the surety upon thirty days notice. In that respect they are unlike a bond or policy which by its terms expires on a date certain. Such latter bonds and policies may not be extended beyond the original terms. In re Cahokia Downs, Inc., 5 B.R. 529, 6 BCD 925 (Ill.1980), the Court denied cancellation of a fire policy while the term had not expired but said: "It is, of course, understood and not contemplated by this Court that the insurance policy . . . could be extended beyond its original term."
The issue here is whether (1) the Court has the jurisdiction to enjoin the cancellation of a continuing obligation, and (2) whether the Court should enjoin the cancellation in this case.
The answer to both questions is yes.
The Bankruptcy Court has the jurisdiction and was given powers in the 1978 Bankruptcy Code to do all things necessary to protect the rights and remedies of the parties in interest including the debtor.
By 11 U.S.C. § 105 the Court may issue any process necessary to carry out the provision of Title 11. By 11 U.S.C. § 362 the filing of a proceeding in Title 11 stays any proceeding against the debtor. An attempt to cancel a bond is a proceeding.
It appears to the Court that Aetna gave notice of cancellation because debtor has filed under Title 11. Aetna is liable to the full extent of the bonds and the bonds are necessary for debtor's reorganization. Debtor owes the State of Nevada an amount which exceeds the face of both bonds. Hence, Aetna was liable for a total of $10,000 before the filing of this case for prepetition debt of plaintiff to the State. No change has occurred but cancellation of the bond would result in refusal of the State of Nevada to cover the employees for accident or health and deny the operation of a retail business liable to the State for sales and other taxes.
Inasmuch as these bonds are continuous obligations in which Aetna has already reached the limit of its liability and there is no expiration date, there is every reason to enjoin cancellation which will not injure Aetna further[1] and will aid the debtor in reorganization to propose a plan under Chapter 11.
Absent a showing that Aetna will be further harmed and because there is no expiration date, there is no reason to permit cancellation at this time. Good cause appearing,
IT IS ORDERED:
1. Aetna is enjoined from cancellation of the bonds to the State of Nevada.
2. To the extent that the debt of R.O.A.M., Inc., to the State of Nevada on either bond is reduced by payment of either Aetna or R.O.A.M. to an amount less than the face limit of the respective bond, Aetna is:
*618 a. Released to the extent of such payment from further liability on the respective bond to the State and its maximum liability limited to the unpaid bonded amount. The debtor will then be required to furnish cash or other bond for the difference of the reduced bonded amount and the bonded amount required by the State of Nevada; and
b. To the extent Aetna shall pay the State of Nevada on demand by the State, Aetna shall be an unsecured creditor. See 11 U.S.C. § 507(d) providing:
An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.[2] (Emphasis added.)
NOTES
[1] Aetna is entitled to payment of premiums notwithstanding it has no additional liability.
[2] While the State of Nevada has priority under 11 U.S.C. § 507(a)(6) for taxes (including premiums on industrial insurance), Aetna will not have such priority.